UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLIE LARA,

    Petitioner,

    v.

BEN CURRY, warden,

    Respondent.
    /

No. C 09-1748 MHP (pr)

**ORDER DENYING HABEAS PETITION**

    Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he claimed that a decision by the Board of Parole Hearings to find him not suitable for parole violated his right to due process because it was not supported by sufficient evidence. A new decision from the U.S. Supreme Court requires that the petition be summarily denied.

    A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" Swarthout v. Cooke, No. 10-333, slip op. 1, 4 (U.S. Jan. 24, 2011) (citations omitted.) The court may not grant habeas relief for state law errors. Id.

    For purposes of federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. The procedural protections to which the prisoner is entitled under the Due Process Clause of the

Fourteenth Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement of the reasons why parole was denied. <u>See</u> <u>id.</u> at 4-5. The Court explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement," <u>id.</u> at 5, and the Ninth Circuit erred in holding otherwise.

In light of the Supreme Court's determination that the constitutionally-mandated procedural protections do not include a requirement that there be some evidence (or any other amount of evidence) to support the parole denial, the petition for writ of habeas corpus is DENIED.

A certificate of appealability will not issue because petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

The motion for the court to take judicial notice of <u>Hayward v. Marshall</u>, 603 F.3d 546, 563 (9th Cir. 2010) (en banc), is granted. (Docket #13). The court takes judicial notice of the existence of the opinion and read it in connection with consideration of the petition, but the decision does not affect the outcome.

IT IS SO ORDERED.

DATED:   January 26, 2011

Marilyn Hall Patel
United States District Judge

2